**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **S.W., J.W., A.W., and A.L.**

**No. 21-0417** (Raleigh County 20-JA-021, 20-JA-022, 20-JA-023, and 20-JA-024)

**MEMORANDUM DECISION**

Petitioner Mother R.W., by counsel Zachary K. Whitten, appeals the Circuit Court of Raleigh County's April 23, 2021, order terminating her parental rights to S.W., J.W., A.W., and A.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Katherine A. Campbell, filed a response in support of the circuit court's order. The guardian ad litem, Lori J. Withrow, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without granting her an improvement period on the amended petition and in failing to impose the least-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2020, the DHHR filed an abuse and neglect petition alleging that petitioner was arrested on an outstanding warrant and left the children in the care of her adult daughter. Shortly after her arrest, S.W. reported that she got into a physical altercation with her adult sister and that the adult sister was unable to care for all the children. The petition further indicated that petitioner and the children were involved in a prior abuse and neglect proceeding, and that since the children were returned to petitioner's care, the three eldest had been truant from school. As a result, the DHHR alleged that petitioner abandoned and/or neglected the children. Following the petition's filing, petitioner waived her preliminary hearing.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

In June of 2020, the court held an adjudicatory hearing, at which point petitioner was no longer incarcerated. Petitioner then stipulated to the allegations against her, and the circuit court adjudicated her of abusing and/or neglecting the children. The court also granted petitioner's request for a post-adjudicatory improvement period. In August of 2020, the court held a review hearing, during which the DHHR indicated that petitioner was doing well in the improvement period. The children were then returned to petitioner's care.

However, in October of 2020, the DHHR filed an amended petition alleging that petitioner's probation officer recently indicated that petitioner's probation was being revoked due to failed drug screens. This included screens positive for methamphetamine, fentanyl, and morphine. When Child Protective Services ("CPS") contacted petitioner, she denied substance abuse. The children were again removed from petitioner's home. However, when CPS attempted removal, J.W. ran away from CPS. The child reappeared with a woman who claimed that J.W. had been staying with her. Petitioner had never met this woman prior to this incident. While J.W. and A.W. were being transported back to foster care, the children told the CPS worker that petitioner abused marijuana and "does drugs up her nose." The children also disclosed that petitioner would abuse drugs before driving with them in her vehicle and that she "swerves a lot and they almost wreck." Following the filing of this petition, petitioner again waived her preliminary hearing.

In January of 2021, petitioner entered a stipulation to the allegations in the amended petition and was adjudicated for abusing and neglecting the children in regard to this additional conduct. The circuit court denied petitioner's motion for a second post-adjudicatory improvement period.

In April of 2021, the court held a dispositional hearing. Petitioner failed to appear for the hearing but was represented by counsel. The DHHR proffered that petitioner failed to self-report to jail following the revocation of her probation and that a capias had been issued for her. The court found that petitioner had notice of the hearing by virtue of her being present at the prior hearing when the final dispositional hearing was scheduled. The court also found that petitioner "absconded from probation and has cut ties with her attorney." The court concluded that petitioner's "actions show that it is not worth her effort to continue to fight to preserve her parental rights" and that she "abandoned her responsibility as a parent and as a respondent" in the proceedings. Based on her abdication of responsibility, the court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that the children's best interests required termination of her parental rights. As such, the court terminated petitioner's parental rights.[2] It is from the dispositional order that petitioner appeals.

---

[2]The father of S.W., J.W., and A.W. died during the proceedings. The permanency plan for J.W. and A.W. is adoption together in their current foster home. The permanency plan for S.W. is adoption in her current foster home. The father of A.L. is participating in an improvement period. The permanency plan for that child is reunification with the father, while the concurrent permanency plan is adoption in the current foster home.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that she should have been entitled to a second improvement period during the proceedings because she experienced a substantial change in circumstances. This argument, however, is entirely without merit because the record overwhelmingly demonstrates that petitioner not only could not meet the necessary burden to obtain a second improvement period, but that her situation deteriorated substantially since the granting of the first improvement period.

In order to obtain an improvement period when one has previously been granted, West Virginia Code § 49-4-610 requires the parent to "demonstrate[] that since the initial improvement period, the [parent] has experienced a substantial change in circumstances" and that "due to that change in circumstances the [parent] is likely to fully participate in a further improvement period." While petitioner cites to her participation in her first improvement period, her acknowledgement of her issues, and her alleged substance abuse treatment and recent employment,[3] there is simply no evidence in the record to support her conclusion that any of these factors constitute a substantial change in circumstances. This is especially true in light of the fact that petitioner not only abdicated her responsibility to participate in the proceedings below but absconded from her probation by failing to self-report to jail as ordered. In short, we agree with the circuit court that petitioner demonstrated a willingness to totally abandon the proceedings. Accordingly, we find no abuse of the circuit court's discretion in denying petitioner's motion for a second improvement period. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . .").

---

[3]On appeal, petitioner admits that she did not provide evidence in support of her alleged substance abuse treatment and employment because of her absence at the final dispositional hearing.

Petitioner also argues that she should have been entitled to a less-restrictive dispositional alternative, such as legal guardianship. However, petitioner provides no specific argument as to why disposition in this matter was inappropriate, other than to generally allege that West Virginia Code § 49-4-604(c) requires that the least-restrictive option be employed. Petitioner ignores that West Virginia Code § 49-4-604(c)(6) permits circuit courts to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and that termination of parental rights is necessary for the children's welfare. Further,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Here, the circuit court made both required findings, and petitioner does not challenge them on appeal. As such, she is not entitled to relief.

Lastly, we note that the proceedings regarding the father of A.L. are still ongoing. As such, this Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires that

> [a]t least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedure[] for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under [West Virginia Code § 49-4-604(c)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other

placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home [cannot] be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W. Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W. Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 23, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: November 8, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton